## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ALLSTATES REFRACTORY CONTRACTORS, LLC, <br><br> *Plaintiff,* <br> v. <br><br> MARTIN J. WALSH, in his official capacity as Secretary of Labor, *et al.*, <br><br> *Defendants*. | No. 3:21-cv-01864-JZ |

### DECLARATION OF DAVID BOOTHE

1.    My name is David Boothe. I am the President of Allstates Refractory Contractors, LLC ("Allstates"). I submit this declaration based on my personal knowledge to demonstrate that Allstates incurs financial and regulatory burdens as a result of the Occupational Health and Safety ("OSH") Act. I am over 18 years old and could testify to the facts set out herein if called upon to do so.

**Allstates Refractory Contractors, LLC**

2.    Allstates is a full-service industrial process general contractor serving the glass, metals, and petrochemical industries in Toledo, Ohio. Allstates is an employer with employees who regularly work on jobs throughout Ohio and around the country.

3.    Allstates was founded in 1995 to offer refractory lining services to metals manufacturers. As a result of hard work and by focusing on client relationships, Allstates was able to expand its reach into other important industries, including the glass industry. Today, Allstates is a "one-stop-shop," offering complete furnace services, including consultation, repair, installation, retrofitting, and rebuilding. Allstates' NAICS code (23899) is specialty trade contractors.

4. Allstates has worked, and will continue to work, on jobs for which it must comply with the OSH Act.

5. Generally, Allstates does not perform work on federal property, on public works, or pursuant to a contract with the federal government. Further, to the best of my knowledge, Allstates does not perform work pursuant to contracts financed by loans or grants from the federal government.

6. Allstates currently has four full-time employees and many part-time employees who regularly work on projects throughout the State of Ohio and around the country. Allstates hires additional part-time employees as needed for each job—sometimes up to 100 employees, depending on the size and scope of the job.

7. Allstates is committed to protecting the safety of its workers on every job. One measure of safety used by OSHA is the Total Reportable Incident Response ("TRIR") rate, which measures the total number of OSHA recordable work-related injuries or illness that occur over the course of 200,000 worker hours. Allstates' TRIR rate is 0.0, which means that it has not experienced a recordable work-related injury over the last 200,000 employee hours worked. This feat is all the more impressive given that it takes Allstates years to accumulate 200,000 employee hours since it has a small number of employees. What is more, the TRIR rate affects a contractor's competitiveness, as businesses take the rate into account when selecting contractors, despite the fact that a single injury can drastically skew a small business's incidence rate, thereby making a small business less competitive than a larger one. Although the TRIR standard unfairly handicaps small businesses when compared to their larger competitors, Allstates has been especially vigilant in ensuring that its employees are working in safe conditions.

8. Another measure of safety is a business's experience modification rate ("EMR"), which is a statistic used by insurance companies to determine the likelihood that a business will experience a worker's compensation claim. An EMR below 1.0 means that the company is considered safer than most others in the industry. Allstates EMR is .43. *See* Allstates Refractory Contractors, *Health and Safety News*, available at https://allstatesrefractory.com/news/health-safety.

**OSHA's Regulatory and Financial Burdens**

9. Despite its outstanding track record of workplace safety, Allstates is forced to spend more money than it otherwise would in order to comply with OSHA's occupational safety standards. Specifically, Allstates must comply with OSHA's safety standards, and it must ensure that its employees comply with OSHA's standards on each job. These costs impose financial and regulatory burdens on Allstates.

10. The OSH Act mandates that Allstates comply with burdensome safety standards. Allstates has in the past spent time and money complying with the OSH Act's requirements, and Allstates currently spends time and money complying with the OSH Act. The additional costs associated with complying with the OSH Act are a burden on Allstates because it must divert resources from other business activities to pay those costs.

11. Complying with the OSH Act also imposes additional personnel costs on Allstates. Allstates must pay a full-time employee to be responsible for OSHA compliance. In addition, Allstates must pay supervisors to inspect worksites and ensure that workers comply with OSHA standards on each job site. Supervisors must be familiar with—and able to interpret and apply—OSHA standards on each job site. Allstates spends thousands of dollars each year paying employees to ensure compliance with OSHA safety standards. OSHA compliance

increases the costs of each job because Allstates loses money every time it delays, pauses, or prolongs a job to comply with OSHA's safety standards.

12. Complying with the OSH Act similarly imposes training costs on Allstates. Allstates spends time and money training each employee to comply with OSHA standards before starting each job. For example, Allstates pays each employee to take a two-hour safety training course before each job. Allstates also pays for each full-time employee to take a ten-hour safety course every year. Allstates spends thousands of dollars each year training its employees to comply with OSHA standards.

13. Complying with the OSH Act imposes numerous other compliance costs on Allstates.

14. For example, Allstates must comply with standards governing fall protection on each job. Allstates spends money to provide employees with fall protection systems that comply with OSHA's requirements and to secure all materials, equipment, and tools against accidental displacement. Allstates also spends money to provide a training program for each employee who might be exposed to fall hazards. Complying with OSHA's standards governing fall protection is burdensome given the nature of Allstates' work in high-heat environments.

15. Allstates must comply with standards governing electrical safety on each job. For example, Allstates spends money complying with OSHA's lockout/tagout standard on each job. Allstates also spends money to provide a training program for each employee who might be exposed to electrical hazards, including with respect to power tools and extension cords.

16. Allstates must comply with standards governing the use of scaffolds on each job. Allstates spends money to provide employees with scaffolds that comply with OSHA's requirements. Allstates also spends money to provide a training program for each employee who

might perform work on a scaffold and to train supervisors to be able to perform daily inspections and erect scaffolding.

17. Allstates must comply with standards governing cranes, derricks, forklifts, and rigging equipment on each job. Allstates spends money to provide employees with cranes, derricks, forklifts, and rigging equipment that comply with OSHA's requirements. Allstates also spends money to provide a training program for each employee who might perform work on a crane, derrick, forklift, and rigging equipment.

18. Allstates must comply with standards governing personal protective equipment on each job. Allstates spends money to provide employees with personal protective equipment that complies with OSHA's requirements. Allstates also spends money on testing and training regarding the proper application and use of personal protective equipment.

19. Allstates must comply with standards governing fire protection on each job. Allstates spends money developing and maintaining fire prevention programs and providing employees with firefighting equipment and fire detection systems. Allstates also spends money training employees on the inspection and proper use of this equipment.

20. Allstates must comply with standards governing confined spaces on each job. Allstates spends money to provide a training program for each employee who might perform work in confined spaces, and to implement all aspects of its confined space program.

21. Allstates must comply with standards governing walking-working surfaces on each job. Allstates spends money ensuring that all places of employment, passageways, storerooms, service rooms, and walking-working surfaces are kept in a clean, orderly, and sanitary condition. Allstates also spends money inspecting walking-working surfaces to ensure

they are maintained in a safe condition. Allstates spends money to provide employees with ladders, catwalks, and walkways that comply with OSHA's requirements.

22. Allstates must comply with standards governing hand and power tools on each job. Allstates spends money to provide employees with safety guards for hand and power tools. Allstates also spends money training employees on OSHA's prescribed method of using hand and power tools.

23. These numerous examples are only some of the OSHA safety standards for which Allstates must spend money to ensure that it and its employees are OSHA compliant.

24. Allstates intends to continue working on similar jobs subject to the OSH Act in the future, and Allstates intends to continue performing the same type of work. In particular, Allstates has jobs lined up over the next few months on which it must comply with the OSH Act. Allstates will thus spend additional time and money complying with the OSH Act in the future.

25. The OSH Act regulates the manner in which Allstates must do its work and eliminates Allstates' discretion to choose how best to keep its employees safe. In particular, the OSH Act prohibits Allstates from working on jobs without complying with OSHA's occupational safety standards and exposes Allstates to criminal and civil penalties if it fails to comply, even if Allstates implements its own safety measures that are as effective—or even more effective—at protecting worker safety in the circumstances than the OSHA standards.

26. OSHA has a history of enforcing the OSH Act against Allstates in particular. For example, in 2019, OSHA cited Allstates for violating the standards governing hand and power tools, 29 C.F.R. § 1926.300, and fined Allstates more than $10,000 for violating standards governing falling-object protection, 29 C.F.R. § 1926.759, after an employee was injured on a job in Pennsylvania when a catwalk brace fell and injured a worker below. *See* Exhibit A;

https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1438977.015;

https://www.osha.gov/pls/imis/establishment.inspection_detail?id=1434587.015.  Allstates was not working on a contract with the federal government, working on federal property, working on a public works project, or working on a contract funded by federal loans or grants when it received these two citations.

27. OSHA has not disavowed enforcing the OSH Act against Allstates in the future. OSHA often inspects the jobs involving Allstates.

28. Based on OSHA's prior enforcement action, Allstates' fear of another OSHA enforcement action in the future compels Allstates to continue spending time and money to ensure its compliance with the OSH Act.

29. Allstates faces a substantial risk of OSHA enforcement for failing to comply with the OSH Act.  The threat to Allstates is real because OSHA imposed a fine against Allstates in the past.  Indeed, there is a substantial risk that OSHA will bring an enforcement action against Allstates if it inadvertently fails to comply with the OSH Act.  OSHA has done so in the past, and there is a substantial risk that OSHA will do so in the future.  If OSHA brings another enforcement action, Allstates will be forced to divert significant time and resources to respond to OSHA—not to mention the substantial risk of criminal and civil penalties for failing to comply with the OSH Act.

30. But for the OSH Act, Allstates would exercise its discretion not to comply with certain OSHA safety standards in settings in which Allstates determines that complying with those standards would be impractical, impossible, or unsafe.  In high-heat environments, for example, it is unsafe for Allstates to comply with OSHA's standards governing fall protection, confined spaces, and rigging because workers are exposed to a great risk of exposure to heat.

When workers comply with these standards while exposed to high temperatures, there is a risk that workers will not be able to move quickly enough to avoid injury from the heat. Allstates would not comply with these standards in certain settings if it had the discretion not to do so, because Allstates would take alternative steps to ensure worker safety.

  I declare under penalty of perjury that the foregoing is true and correct.

Dated: December _2_, 2021           _____

                  David Boothe
                  President
                  Allstates Refractory Contractors, LLC

# Exhibit A

**U.S. Department of Labor**
Occupational Safety and Health Administration
1000 Liberty Avenue
Room 905
Pittsburgh, PA 15222



# Citation and Notification of Penalty

**To:**
Allstates Refractory Contractors, LLC
and its successors
218 B Mechanic Street
P.O. Box 256
Waterville, OH 43566

**Inspection Site:**
100 8th Street
Charleroi, PA 15022

**Inspection Number:** 1438977
**Inspection Date(s):** 10/17/2019 - 10/17/2019
**Issuance Date:** 11/21/2019

*The violation(s) described in this Citation and Notification of Penalty is (are) alleged to have occurred on or about the day(s) the inspection was made unless otherwise indicated within the description given below.*

This Citation and Notification of Penalty (this Citation) describes violations of the Occupational Safety and Health Act of 1970. The penalty(ies) listed herein is (are) based on these violations. You must abate the violations referred to in this Citation by the dates listed and pay the penalties proposed, unless within 15 working days (excluding weekends and Federal holidays) from your receipt of this Citation and Notification of Penalty **you either call to schedule an informal conference (see paragraph below) or** you mail a notice of contest to the U.S. Department of Labor Area Office at the address shown above. Please refer to the enclosed booklet (OSHA 3000) which outlines your rights and responsibilities and which should be read in conjunction with this form. Issuance of this Citation does not constitute a finding that a violation of the Act has occurred unless there is a failure to contest as provided for in the Act or, if contested, unless this Citation is affirmed by the Review Commission or a court.

**Posting -** The law requires that a copy of this Citation and Notification of Penalty be posted immediately in a prominent place at or near the location of the violation(s) cited herein, or, if it is not practicable because of the nature of the employer's operations, where it will be readily observable by all affected employees. This Citation must remain posted until the violation(s) cited herein has (have) been abated, or for 3 working days (excluding weekends and Federal holidays), whichever is longer.

**Informal Conference -** An informal conference is not required. However, if you wish to have such a conference you may request one with the Area Director during the 15 working day contest period by calling 412-395-4903. During such an informal conference you may present any evidence or views which you believe would

support an adjustment to the citation(s) and/or penalty(ies).

If you are considering a request for an informal conference to discuss any issues related to this Citation and Notification of Penalty, you must take care to schedule it early enough to allow time to contest after the informal conference, should you decide to do so. Please keep in mind that a written letter of intent to contest must be submitted to the Area Director within 15 working days of your receipt of this Citation. The running of this contest period is not interrupted by an informal conference.

If you decide to request an informal conference, please complete, remove and post the Notice to Employees next to this Citation and Notification of Penalty as soon as the time, date, and place of the informal conference have been determined. Be sure to bring to the conference any and all supporting documentation of existing conditions as well as any abatement steps taken thus far. If conditions warrant, we can enter into an informal settlement agreement which amicably resolves this matter without litigation or contest.

**Right to Contest** – You have the right to contest this Citation and Notification of Penalty. You may contest all citation items or only individual items. You may also contest proposed penalties and/or abatement dates without contesting the underlying violations. **Unless you inform the Area Director in writing that you intend to contest the citation(s) and/or proposed penalty(ies) within 15 working days after receipt, the citation(s) and the proposed penalty(ies) will become a final order of the Occupational Safety and Health Review Commission and may not be reviewed by any court or agency.**

**Penalty Payment** – Penalties are due within 15 working days of receipt of this notification unless contested. (See the enclosed booklet and the additional information provided related to the Debt Collection Act of 1982.) Make your check or money order payable to "DOL-OSHA". Please indicate the Inspection Number on the remittance. You can also make your payment electronically on www.pay.gov. On the left side of the pay.gov homepage, you will see an option to Search Public Forms. Type "**OSHA**" and click Go. From the results, click on **OSHA Penalty Payment Form**. The direct link is:

https://www.pay.gov/paygov/forms/formInstance.html?agencyFormId=53090334.

You will be required to enter your inspection number when making the payment. Payments can be made by credit card or Automated Clearing House (ACH) using your banking information. Payments of $25,000 or more require a Transaction ID, and also must be paid using ACH. If you require a Transaction ID, please contact the OSHA Debt Collection Team at (202) 693-2170.

OSHA does not agree to any restrictions or conditions or endorsements put on any check, money order, or electronic payment for less than the full amount due, and will process the payments as if these restrictions or conditions do not exist.

**Notification of Corrective Action** – For each violation which you do not contest, you must provide *abatement certification* to the Area Director of the OSHA office issuing the citation and identified above. This abatement certification is to be provided by letter within 10 calendar days after each abatement date. Abatement certification includes the date and method of abatement. If the citation indicates that the violation was corrected during the inspection, no abatement certification is required for that item. The abatement certification letter must be posted at the location where the violation appeared and the corrective action took place or employees must otherwise be effectively informed about abatement activities. A sample abatement certification letter is enclosed with this Citation. In addition, where the citation indicates that *abatement documentation* is necessary, evidence of the purchase or repair of equipment, photographs or video, receipts, training records, etc., verifying that abatement has occurred is required to be provided to the Area Director.

**Employer Discrimination Unlawful** – The law prohibits discrimination by an employer against an employee for filing a complaint or for exercising any rights under this Act. An employee who believes that he/she has been discriminated against may file a complaint no later than 30 days after the discrimination occurred with the U.S. Department of Labor Area Office at the address shown above.

**Employer Rights and Responsibilities** – The enclosed booklet (OSHA 3000) outlines additional employer rights and responsibilities and should be read in conjunction with this notification.

**Notice to Employees** – The law gives an employee or his/her representative the opportunity to object to any abatement date set for a violation if he/she believes the date to be unreasonable. The contest must be mailed to the U.S. Department of Labor Area Office at the address shown above and postmarked within 15 working days (excluding weekends and Federal holidays) of the receipt by the employer of this Citation and Notification of Penalty.

**Inspection Activity Data** – You should be aware that OSHA publishes information on its inspection and citation activity on the Internet under the provisions of the Electronic Freedom of Information Act. The information related to these alleged violations will be posted when our system indicates that you have received this citation. You are encouraged to review the information concerning your establishment at www.osha.gov. If you have any dispute with the accuracy of the information displayed, please contact this office.

**U.S. Department of Labor**  
Occupational Safety and Health Administration

Inspection Number: 1438977  
Inspection Date(s): 10/17/2019 - 10/17/2019  
Issuance Date: 11/21/2019



### Citation and Notification of Penalty

**Company Name:** Allstates Refractory Contractors, LLC  
**Inspection Site:** 100 8th Street, Charleroi, PA 15022

---

Citation 1 Item 1    Type of Violation: **Serious**

29 CFR 1926.759(b): 29 CFR 1926.759(b): The controlling contractor failed to bar other construction processes below steel erection or did not provide overhead protection from falling objects for employees below:

a) Jobsite, 100 8th Street, Charleroi, PA 15022: On or before October 17, 2019, a column shoe being fitted into place became dislodged and fell striking an electrical trade employee working below who was not barred from the area.

Date By Which Violation Must be Abated:    Corrected During Inspection  
Proposed Penalty:                                               $11934.00

Christopher M. Robinson  
Area Director

See pages 1 through 4 of this Citation and Notification of Penalty for information on employer and employee rights and responsibilities.

**U.S. Department of Labor**
Occupational Safety and Health Administration
1000 Liberty Avenue
Room 905
Pittsburgh, PA 15222



# INVOICE / DEBT COLLECTION NOTICE

| | |
|---|---|
| **Company Name:** | Allstates Refractory Contractors, LLC |
| **Inspection Site:** | 100 8th Street, Charleroi, PA 15022 |
| **Issuance Date:** | 11/21/2019 |

| | |
|---|---|
| **Summary of Penalties for Inspection Number** | 1438977 |
| **Citation 1, Serious** | $11934.00 |
| **TOTAL PROPOSED PENALTIES** | $11934.00 |

To avoid additional charges, please remit payment promptly to this Area Office for the total amount of the uncontested penalties summarized above. Make your check or money order payable to: "DOL-OSHA". Please indicate OSHA's Inspection Number (indicated above) on the remittance. You can also make your payment electronically on www.pay.gov. On the left side of the pay.gov homepage, you will see an option to Search Public Forms. Type "**OSHA**" and click Go. From the results, click on **OSHA Penalty Payment Form**. The direct link is https://www.pay.gov/paygov/forms/formInstance.html?agencyFormId=53090334. You will be required to enter your inspection number when making the payment. Payments can be made by credit card or Automated Clearing House (ACH) using your banking information. Payments of $25,000 or more require a Transaction ID, and also must be paid using ACH. If you require a Transaction ID, please contact the OSHA Debt Collection Team at (202) 693-2170.

OSHA does not agree to any restrictions or conditions or endorsements put on any check, money order, or electronic payment for less than the full amount due, and will cash the check or money order as if these restrictions or conditions do not exist.

If a personal check is issued, it will be converted into an electronic fund transfer (EFT). This means that our bank will copy your check and use the account information on it to electronically debit your account for the amount of the check. The debit from your account will then usually occur within 24 hours and will be shown on your regular account statement. You will not receive your original check back. The bank will destroy your original check, but will keep a copy of it. If the EFT cannot be completed because of insufficient funds or closed account, the bank will attempt to make the transfer up to 2 times.

Pursuant to the Debt Collection Act of 1982 (Public Law 97-365) and regulations of the U.S. Department of Labor (29 CFR Part 20), the Occupational Safety and Health Administration is required to assess interest, delinquent charges, and administrative costs for the collection of delinquent penalty debts for violations of the Occupational Safety and Health Act.

**Interest**: Interest charges will be assessed at an annual rate determined by the Secretary of the Treasury on all penalty debt amounts not paid within one month (30 calendar days) of the date on which the debt amount becomes due and payable (penalty due date). The current interest rate is one percent (1%). Interest will accrue from the date on which the penalty amounts (as proposed or adjusted) become a final order of the Occupational Safety and Health Review Commission (that is, 15 working days from your receipt of the Citation and Notification of Penalty), unless you file a notice of contest. Interest charges will be waived if the full amount owed is paid within 30 calendar days of the final order.

**Delinquent Charges**: A debt is considered delinquent if it has not been paid within one month (30 calendar days) of the penalty due date or if a satisfactory payment arrangement has not been made. If the debt remains delinquent for more than 90 calendar days, a delinquent charge of six percent (6%) per annum will be assessed accruing from the date that the debt became delinquent.

**Administrative Costs**: Agencies of the Department of Labor are required to assess additional charges for the recovery of delinquent debts. These additional charges are administrative costs incurred by the Agency in its attempt to collect an unpaid debt. Administrative costs will be assessed for demand letters sent in an attempt to collect the unpaid debt.

_____  
**Christopher M. Robinson**  
Area Director

_11-21-19_  
Date

U.S. DEPARTMENT OF LABOR
OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

In the Matter of: Allstates Refractory Contractors, LLC
OSHA No.(s): 1438977

### INFORMAL SETTLEMENT AGREEMENT

The undersigned Employer and the undersigned Occupational Safety and Health Administration (OSHA), in settlement of the above citation(s) and penalties which were issued on November 21, 2019, hereby agree as follows:

1. The Employer agrees to correct the violations as cited in the above citations or as amended below, if not already abated.

2. The Employer agrees to pay the proposed penalties, if any, as issued with the above citation(s), or, if amended by this agreement, as amended below.

3. The Employer and OSHA agree that the following citations and penalties, if any, are not being amended:

   Not applicable.

4. OSHA agrees to the following citations, including amendments:

   Penalty reduction of 50%

   THE TOTAL PENALTY IS: $5967.00

   Respondent shall pay the penalty in total within 30 days of the date of the signing of this agreement. Said payment will be made with a check payable to "OSHA, U.S. Department of Labor" and mailed to the Occupational Safety and Health Administration, Pittsburgh Area Office, 1000 Liberty Avenue, Room 905, William S. Moorhead Building, Pittsburgh, PA 15222, or via on-line payment at www.pay.gov.

5. The employer, by signing this informal settlement agreement, hereby waives their rights to contest the above citation(s) and penalties, as amended in paragraph 4 of this agreement.

6. The employer agrees to immediately post a copy of this Settlement Agreement in a prominent place at or near the location of the violation(s) referred to in paragraph 4 above. This Settlement Agreement must remain posted until the violation cited have been corrected, or for 3 working days (excluding weekends and Federal Holidays), whichever is longer.

7. In accordance with 29 C.F.R. 1903.19(c), within ten (10) calendar days after the abatement date, respondent shall certify to the Occupational Safety and Health Administration's (OSHA) Pittsburgh Area Office that each citation has been abated, if abatement is still outstanding.

U.S. DEPARTMENT OF LABOR
OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

In the Matter of: Allstates Refractory Contractors, LLC
OSHA No.(s): 1438977

### INFORMAL SETTLEMENT AGREEMENT

The undersigned Employer and the undersigned Occupational Safety and Health Administration (OSHA), in settlement of the above citation(s) and penalties which were issued on November 21, 2019, hereby agree as follows:

1. The Employer agrees to correct the violations as cited in the above citations or as amended below, if not already abated.

2. The Employer agrees to pay the proposed penalties, if any, as issued with the above citation(s), or, if amended by this agreement, as amended below.

3. The Employer and OSHA agree that the following citations and penalties, if any, are not being amended:

   Not applicable.

4. OSHA agrees to the following citations, including amendments:

   Penalty reduction of 50%

   THE TOTAL PENALTY IS: $5967.00

   Respondent shall pay the penalty in total within 30 days of the date of the signing of this agreement. Said payment will be made with a check payable to "OSHA, U.S. Department of Labor" and mailed to the Occupational Safety and Health Administration, Pittsburgh Area Office, 1000 Liberty Avenue, Room 905, William S. Moorhead Building, Pittsburgh, PA 15222, or via on-line payment at www.pay.gov.

5. The employer, by signing this informal settlement agreement, hereby waives their rights to contest the above citation(s) and penalties, as amended in paragraph 4 of this agreement.

6. The employer agrees to immediately post a copy of this Settlement Agreement in a prominent place at or near the location of the violation(s) referred to in paragraph 4 above. This Settlement Agreement must remain posted until the violation cited have been corrected, or for 3 working days (excluding weekends and Federal Holidays), whichever is longer.

7. In accordance with 29 C.F.R. 1903.19(c), within ten (10) calendar days after the abatement date, respondent shall certify to the Occupational Safety and Health Administration's (OSHA) Pittsburgh Area Office that each citation has been abated, if abatement is still outstanding.

8. The employer agrees to comply with the applicable provisions of the Occupational Safety and Health Act of 1970, and the applicable safety and health standards promulgated pursuant to the Act.

9. The employer shall comply with Section 11(c) of the OSH Act, 29 U.S.C. § 660(c), and shall not discharge or in any manner discriminate against any employee because the employee has exercised (or intends to exercise), on behalf of himself or others, any right afforded by the Act, including but not limited to filing an OSHA complaint, instituting a proceeding under or related to the Act, or testifying in a proceeding under or related to the Act.

10. Each party agrees to bear its/his own attorneys' fees, costs and other expenses incurred by such party in connection with any stages of the above-referenced proceeding including, but not limited to, attorneys' fees and costs which may be available under the Equal Access to Justice Act, as amended.

_____ 12/20/19
For Occupational Safety and Health Administration
Christopher M. Robinson
(signature and date)


_____
For the Employer
(signature and date)

## NOTICE TO EMPLOYEES

The law gives you or your representative the opportunity to object to any abatement date set for a violation if you believe the date to be unreasonable. Any contest to the abatement dates of the citations amended in paragraph 4 of this Settlement Agreement must be mailed to the U.S. Department of Labor Area Office at William S. Moorhead Building, Room 905, 1000 Liberty Avenue, Pittsburgh, Pennsylvania 15222, within 15 working days (excluding weekends and Federal Holidays) of the receipt by the Employer of this Settlement Agreement. You or your representative also have the right to object to any of the abatement dates set for violations, which were not amended, provided that the objection is mailed to the office shown above within the 15-day period established by the original citation.

8. The employer agrees to comply with the applicable provisions of the Occupational Safety and Health Act of 1970, and the applicable safety and health standards promulgated pursuant to the Act.

9. The employer shall comply with Section 11(c) of the OSH Act, 29 U.S.C. § 660(c), and shall not discharge or in any manner discriminate against any employee because the employee has exercised (or intends to exercise), on behalf of himself or others, any right afforded by the Act, including but not limited to filing an OSHA complaint, instituting a proceeding under or related to the Act, or testifying in a proceeding under or related to the Act.

10. Each party agrees to bear its/his own attorneys' fees, costs and other expenses incurred by such party in connection with any stages of the above-referenced proceeding including, but not limited to, attorneys' fees and costs which may be available under the Equal Access to Justice Act, as amended.

_____ 12/20/19
For Occupational Safety and Health Administration
Christopher M. Robinson
(signature and date)

_____ 12/20/19
For the Employer
(signature and date)