# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ALLSTATES REFRACTORY CONTRACTORS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>MARTIN J. WALSH, in his official capacity as Secretary of Labor, *et al.*,<br><br>*Defendants.* | No. 3:21-cv-01864-JZ |

## NOTICE OF AUTHORITIES

Plaintiff Allstates Refractory Contractors, LLC, respectfully notifies the Court of cases responsive to the Court's third question for oral argument ("Has *any* federal district court examined the merits of a constitutional challenge to OSHA or a similar claim?"), *see* ECF No. 28:

1. *Ohio Coal Ass'n v. Perez*, 192 F. Supp. 3d 882, 893-900 (S.D. Ohio 2016) (Graham, J.) (rejecting the government's *Thunder Basin* argument under the Mine Safety and Health Act and considering the merits of the plaintiffs' APA and due process challenges to a Mine Safety and Health Administration rule, because "their claims do not germinate from a 'violation[] of the Act and its regulations'" or "challenge … an enforcement action taken by the MSHA").

2. *NFIB v. Dougherty*, No. 3:16-CV-2568-D, 2017 WL 1194666, at *9-10 (N.D. Tex. Feb. 3, 2017) (rejecting the government's *Thunder Basin* argument under

the OSH Act and considering the merits of the plaintiff's APA challenge to an OSHA letter, because "no administrative enforcement of the Letter has begun or is likely").

3. *Ironridge Glob. IV, Ltd. v. SEC*, 146 F. Supp. 3d 1294, 1302-09 (N.D. Ga. 2015) (rejecting the government's *Thunder Basin* argument under 15 U.S.C. § 78y and considering the merits of the plaintiff's Appointments Clause challenge, because "Plaintiffs are challenging the validity of the administrative process itself" and not "the agency's interpretation of a statute it was charged with enforcing").

4. *Elk Run Coal Co. v. Dep't of Labor*, 804 F. Supp. 2d 8, 16-22 (D.D.C. 2011) (rejecting the government's *Thunder Basin* argument under the Mine Safety and Health Act and considering the plaintiffs' due process challenge to the Mine Act and a Mine Safety and Health Administration policy, because their due process claims "present broad, systemic constitutional challenges to the Mine Act and MSHA's administration of it that are not tied to any individual enforcement challenges").

5. *Live365, Inc. v. Copyright Royalty Bd.*, 698 F. Supp. 2d 25, 31-34 (D.D.C. 2010) (rejecting the government's *Thunder Basin* argument under 17 U.S.C. § 803(d)(1) and considering the merits of the plaintiff's Appointments Clause challenge to the Copyright Act, because "the constitutional facial challenges here advance [ ] a broad-scale attack ... to the [Copyright] Act itself that is not of the type Congress intended to be reviewed within this statutory structure" (internal quotation marks omitted)).

2

6. *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, No. CIVA 06-0217 JR, 2007 WL 891675, at *3 (D.D.C. Mar. 21, 2007) (rejecting the government's *Thunder Basin* argument under 15 U.S.C. § 78y and considering the merits of the plaintiffs' separation of powers challenge to the Sarbanes–Oxley Act, "because the plaintiffs' facial constitutional challenges, which take aim at very structure of the PCAOB, are collateral to the Act's statutory scheme, and are therefore outside the universe of cases subject to the implicitly exclusive administrative review established by the Act"), *aff'd*, 537 F.3d 667 (D.C. Cir. 2008), *aff'd in part, rev'd in part and remanded*, 561 U.S. 477 (2010).

7. *Time Warner Ent. Co. L.P. v. FCC*, 810 F. Supp. 1302, 1303-04 (D.D.C. 1992) (rejecting the government's argument that 42 U.S.C. § 402(a) barred jurisdiction and considering the merits of the plaintiffs' First Amendment challenge to the Cable Act at 835 F. Supp. 1, because "this case involves a direct constitutional challenge to congressional legislation, which, if plaintiffs are correct, could never justify future agency action to implement or enforce it"), *aff'd in part*, 93 F.3d 957 (D.C. Cir. 1996).

Dated: June 22, 2022                              Respectfully submitted,

                                                  */s/ Christopher M. McLaughlin*

Brett A. Shumate (*pro hac vice*)                 Christopher M. McLaughlin (0078186)
Email: bshumate@jonesday.com                      Email: cmmclaughlin@jonesday.com
John M. Gore (*pro hac vice*)                     JONES DAY
Email: jmgore@jonesday.com                        North Point, 901 Lakeside Avenue
Anthony J. Dick (*pro hac vice*)                  Cleveland, Ohio 44114-1190
Email: ajdick@jonesday.com                        Telephone: (216) 586-3939
JONES DAY                                         Facsimile: (216) 579-0212
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113                       J. Benjamin Aguiñaga (*pro hac vice*)
Telephone: (202) 879-3939                         Email: jbaguinaga@jonesday.com
Facsimile: (202) 626-1700                         JONES DAY
                                                  2727 North Harwood Street Suite 500
                                                  Dallas, Texas 75201-1515
                                                  Telephone: (214) 220-3939
                                                  Facsimile: (214) 969-5100

                                                  *Counsel for Plaintiff Allstates Refractory Contractors, LLC*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Christopher M. McLaughlin*
*Counsel for Plaintiff*
*Allstates Refractory Contractors, LLC*
